IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN DALE DAVIS,<br><br>                   Plaintiff,<br><br>v.<br><br>CAPT. DONOVAN STARKS et al.,<br><br>                   Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:15-CV-754-TC<br><br>District Judge Tena Campbell |

       Plaintiff, Steven Dale Davis, an inmate at Central Utah Correctional Facility, filed this *pro se* civil rights suit. *See* 42 U.S.C.S. § 1983 (2017). Plaintiff was allowed to proceed *in forma pauperis*. *See* 28 *id.* § 1915. Reviewing the Complaint under § 1915(e), the Court has determined that Plaintiff's complaint is deficient as described below.

### Deficiencies in Complaint

Complaint:

  (a) improperly names Utah State Prison mail room as a defendant, though it is not an independent legal entity that can sue or be sued.

  (b) has claims apparently regarding current confinement; however, the complaint was apparently not drafted with the help of contract attorneys.

### Instructions to Plaintiff

       Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of

Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original). Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.3d

1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) If Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

DATED this 31st day of May, 2017.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge